Elizabeth McGehee v. Lewis McGehee et al.

1. DOWER : WIDOW ENTITLED TO ONE THIRD IN VALUE. — As between the widow and the heir, the widow is entitled to have set off to her as dower one third in value of the lands of which her husband died seized and possessed, the value to be estimated at the time of the assignment, and due reference being had to the rents and profits of the whole premises; as between the widow and purchaser from the husband, the value, with some exceptions, is to be estimated at the time of the sale.

APPEAL from the Probate Court of Amite county. Hon. R. M. Neilson, judge.

E. Safford for appellant.

No counsel for appellees.

BROWN, J., delivered the opinion of the court.

The petitioner, as widow of Samuel McGehee, deceased, filed her petition in the Probate Court of Amite county, alleging that said decedent was possessed, at the time of his death, of a plantation of about one thousand acres, and that she was entitled to dower in the same.

The surviving children of decedent and others were made defendants, and at the October Term of said court, 1867, an order for the assignment of said dower was made.

At the November Term of the court the case came on for hearing, upon the report of the commissioners assigning said dower; which was excepted to by the defendants, upon the ground that the assignment embraced more than one third in quantity and quality of the lands described, including the buildings and improvements.

Testimony was introduced, tending to show that the dower, as assigned, was worth more than all the rest of the land.

The court set this report aside, and granted an alias order,

which was executed by another assignment of dower, and returned to the March Term of said court, 1868. To this report the petitioner excepted, and the matter of confirmation was submitted upon an agreed statement of facts, in substance, that the commissioners, in setting apart the widow's dower, did not include one third of the lands in quantity, but set off to her land, including buildings and improvements, equal in value to one third of the whole property. The exceptions were overruled and the report confirmed.

The errors complained of may be summed up as follows: That the court erred in setting aside the first report and confirming the last.

In consideration of all the facts presented in the record in this case, we are clearly of the opinion that there is no error manifested in the record aforesaid.

The statutes of the State, as well as the many adjudications in matters of this kind, have settled the law applicable to such cases as follows:

As between the widow and heirs, she is entitled to have set off to her one third part in value, estimated according to the true value of the whole property at the time of the assignment, due reference being had to the rents and profits of the whole premises. Scribner on Dower, and authorities there cited, pp. 561–563.

As between the widow and purchasers from the husband, the valuation must be determined as of the time of sale, but there are exceptions to this last rule. 3 Howard, pp. 360–374.

Applying the first rule to the case at bar, the decree below must be affirmed.